# JOHNSON, MITCHELL & CO. vs. DURHAM, ALLING & CO.

1. If no plea is filed at the appearance term, the case—under the Judiciary Act of 1799—is in default, and the Court has a right, if it be insisted upon, to require the cost to be paid before the default can be opened.

2. If the general issue, or any other plea, has been filed, and the defendant claims the right to amend his answer by filing an additional plea, the Court has the right to exact the cost as the price of this privilege and to reject the plea, if it be not paid.

Complaint, in Floyd Superior Court. Tried before Judge HAMMOND, at the July Term, 1860.

Durham, Alling & Co. brought suit, in the Inferior Court of Floyd county, against Johnson, Mitchell & Co., in which Court a verdict was rendered in favor of the plaintiffs for the sum of $230.

From this verdict the plaintiffs entered an appeal to the Superior Court.

There was no plea in writing filed in said case, although the names of D. R. Mitchell and A. R. Wright were marked

---

DEFAULT: PAYMENT OF COSTS TO OPEN. "Matters of practice, and especially the opening of defaults, are largely in the discretion of the Court. Where a defendant, at the first term, filed a demurrer to a bill which was heard at a subsequent term, and overruled, and after the trial had proceeded, and the testimony on both sides had closed, he asked leave to file an answer, there was no error in requiring him to pay costs before so doing." Sasser v. Sasser, 73 Ga. 276 (3), 283. And see Civil Code of 1895, §5101.

on the docket as attorneys for the defendants, and a set of interrogatories had been taken out by plaintiffs, and served upon and crossed by said Mitchell, as defendant's attorney, which interrogatories were read, and on the trial the answers thereto were the only evidence to prove a part of plaintiff's demand; and said case had been once continued by the defendants through the said Mitchell and Wright, as attorneys.

When the case came up for trial on the appeal, the said defendants proposed to defend said case, through their said attorneys, Mitchell and Wright, which the presiding Judge (on objection being made thereto), refused to permit, unless the default was opened, by the defendants paying the costs of said case, and pleading instanter to the merits of the action.

This decision is the error complained of in this case.

A. R. Wright, for the plaintiffs in error.

D. S. Printup, for the defendants in error.

*By the Court.*—Lumpkin, J., delivering the opinion.

The suit in this case was originally brought in the Inferior Court, and carried up, by appeal, to the Superior Court. The name of defendants' counsel was marked on the Bench-Docket of the Inferior Court; but no plea, not even the general issue, was ever filed in the case. The Judge held that the case was in default, and would not allow an appearance under the common law rules of practice until the cost was paid. The case was submitted to the jury, *ex parte,* by the plaintiffs and, upon proof of their demand, a verdict was rendered for the amount of the account. A new trial was moved for and refused, and the case is brought to this Court for correction.

By the judiciary Act of 1799, an answer has to be filed at the appearance term of the Court. In some of the circuits, the general issue is always considered as filed, and it is insisted that this is true in the Tallapoosa Circuit. The Judge, by his ruling, ignores any such practice.

But, suppose this were so. Counsel state that they expected to file a plea of set-off. This amendment they had a right to make. But, then, under the same Act which gives

them this right—the statute of 1853 and 1854—the Judge had the co-relative right of not only requiring the cost to be paid, but prescribing such other terms as he, in his discretion, might see fit to impose. If the defendants refused to comply with the only terms proposed, namely: the payment of the cost, it was the right of the Court to reject their plea, if indeed they had offered any, which they did not.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.